**SO ORDERED.**
**SIGNED this 6th day of February, 2014**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

_____
Shelley D. Rucker
**UNITED STATES BANKRUPTCY JUDGE**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TENNESSEE
## SOUTHERN DIVISION

In re:                                              No. 09-16854
                                                    Chapter 7 Debtor
LORETTA J. HART,

         Debtor;


SOUTHERN HERITAGE BANK

         Plaintiff,

v                                                   Adversary Proceeding
                                                    No. 10-1304

LORETTA J. HART,

Defendant.

### MEMORANDUM

The plaintiff Southern Heritage Bank ("Bank") has filed a motion to compel discovery

from the defendant debtor Loretta J. Hart ("Defendant" or "Debtor") pursuant to Federal Rules

of Bankruptcy Procedure 7037 and 7069, which incorporate Federal Rules of Civil Procedure 37

1

and 69. [Doc. No. 68]. The Defendant has failed to file a timely opposition to the motion to compel.

## I.        Background Facts

On August 9, 2012 the court entered a judgment in favor of the Bank against the Defendant in the amounts of $12,765.66, $177,208, $145,151.33, and $953,375.96. [Doc. No. 50]. The Defendant appealed the court's ruling, and the United States District Court for the Eastern District of Tennessee affirmed. [Doc. No. 65]. The Defendant has appealed the district court ruling to the United States Court of Appeals for the Sixth Circuit.

On November 5, 2013 the Bank served the Defendant's attorney discovery requests pursuant to Federal Rule of Civil Procedure 69(b). *See* [Doc. No. 68-2, Interrogatories in Aid of Execution, Requests for Production of Documents]. These discovery requests relate to the Defendant's income and assets. The Bank contends that the Defendant has failed to provide timely discovery responses pursuant to Federal Rules of Bankruptcy Procedure 7033 and 7034. The Bank asserts that it contacted counsel for the Defendant in an effort to obtain discovery without filing a motion to compel pursuant to Federal Rule of Civil Procedure 37(a)(1).

The Bank requests an order from this court compelling the Defendant to respond to the Bank's proposed discovery requests.  The Bank further seeks payment of expenses and attorneys' fees incurred in filing the motion to compel in the amount of $750.

## II.        Analysis

## A.        Motion to Compel Discovery

Federal Rule of Civil Procedure 69(a)(2), incorporated into adversary proceedings by Federal Rule of Bankruptcy Procedure 7069, states, "[i]n aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain

discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). Federal Rule of Civil Procedure 37, incorporated into adversary proceedings by Federal Rule of Bankruptcy Procedure 7037, provides procedures for filing a motion to compel when a party fails to respond to discovery.

In addition, Federal Rule of Civil Procedure 62, incorporated into adversary proceedings by Federal Rule of Bankruptcy Procedure 7062, provides that "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond." Fed. R. Civ. P. 62(d). This court has not approved any bond of the appellant Debtor pursuant to Federal Rule of Bankruptcy Procedure 7062 and Federal Rule of Civil Procedure 62.

A party may also seek a stay of a judgment pending appeal by filing a motion for stay from the judgment pursuant to Federal Rule of Bankruptcy Procedure 8005. Fed. R. Bankr. P. 8005. However, the Debtor has not filed a motion for stay in this court pending her appeal to the Sixth Circuit Court of Appeals.

> As explained by a leading bankruptcy treatise, Collier on Bankruptcy:
>
> Once a bankruptcy court order, judgment or decree has been entered, and subject to the "automatic stay" of Bankruptcy Rule 7062, the prevailing party is free to execute upon or otherwise seek to enforce it. However, the losing party is permitted to seek a stay of the judgment to maintain the status quo pending an appeal.
>
> A party who desires to appeal is not obliged to seek a stay of the judgment pending appeal. However, if no stay is in effect, the prevailing party may treat the judgment of the bankruptcy court as final, notwithstanding that an appeal is pending. . . .

> An appellant is not obliged to seek a stay pending appeal. The consequence of
> failing to seek or obtain a stay is that the prevailing party may treat the judgment
> or order of the bankruptcy judge as final, notwithstanding that an appeal is
> pending. If the judgment awards money or property, it may be executed upon
> unless stayed; . . . .

Collier on Bankruptcy, ¶¶ 8005.01-8005.02 (Alan A. Resnick & Henry J. Sommer eds., 16th

ed. 2013).

The Debtor has not filed a bond with this court, nor has she filed a motion for stay

pursuant to Federal Rule of Bankruptcy Procedure 8005. Therefore, this court concludes that its

judgment entered August 9, 2012 may be enforced.

Federal Rule of Civil Procedure 69, incorporated into adversary proceedings by Federal

Rule of Bankruptcy Procedure 7069, allows the Bank to seek discovery in aid of enforcing this

court's judgment. The discovery requests and interrogatories provided by the Bank seek

information regarding the whereabouts of the Debtor's assets. *See* [Doc. No. 68-2]. The Debtor

has failed to respond timely to discovery and has failed to file a timely opposition to the motion

to compel. The Bank has also indicated that it attempted to confer in good faith with the Debtor's

counsel regarding its discovery requests prior to filing the motion to compel in accordance with

Federal Rule of Civil Procedure 37(a)(1). For these reasons the court concludes that the Bank's

motion to compel has merit. The court will grant the motion to compel.

**B.        Request for Attorneys' Fees Associated with Motion to Compel**

Federal Rule of Civil Procedure 37, incorporated into adversary proceedings by Federal

Rule of Bankruptcy Procedure 7037, provides procedures for filing a motion to compel

discovery. Fed. R. Civ. P. 37(a). Rule 37 also provides for payment of expenses associated with

filing a motion to compel. Fed. R. Civ. P. 37(a)(5)(A). The Rule states in relevant part:

> If the motion is granted—or if the disclosure or requested discovery is provided
> after the motion was filed—the court must, after giving an opportunity to be

heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

In accordance with this Rule, the court will provide the Debtor with an opportunity to be heard regarding whether this court should award attorney's fees and costs associated with the filing of this motion to compel. The court will set the hearing on whether fees should be awarded by separate order.

### III.   Conclusion

As described *supra*, the court will grant the Bank's motion to compel in accordance with Federal Rule of Civil Procedure 69, as incorporated into adversary proceedings by Federal Rule of Bankruptcy Procedure 7069. The court will set a hearing regarding whether the court should award attorney's fees and costs to the Bank associated with this motion to compel by separate order in accordance with Federal Rule of Civil Procedure 37(a)(5)(A).

A separate order will enter.

# # #